IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED

MAY 16 2016

Clerk, U.S District Court
District Of Montana
Missoula

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

vs.

FREDERICK GLEN JOHNSON,

Defendant/Movant.

Cause No. CR 15-006-M-DLC
CV 15-167-M-DLC

ORDER DENYING MOTIONS AND
DENYING CERTIFICATE OF
APPEALABILITY

This case comes before the Court on Defendant/Movant Johnson's motion to

vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Johnson is a

federal prisoner proceeding pro se.

In reviewing Johnson's motion, the Court has refreshed its memory by

consulting the rough transcripts of the change of plea and sentencing hearings.

Pursuant to 28 U.S.C. § 753(f), the United States will be directed to order the

transcripts for the Court's file and for Johnson.

On April 29, 2016, Johnson moved the Court to appoint new counsel to

represent him.

## I. Preliminary Review

The motion is subject to preliminary review to determine whether "the

motion and the files and records of the case conclusively show that the prisoner is

1

entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing

Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of

constitutional error should survive Rule 4 review." *Calderon v. United States Dist.*

*Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J.,

concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the

court to screen out frivolous applications and eliminate the burden that would be

placed on the respondent by ordering an unnecessary answer." Advisory

Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory

Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On March 20, 2015, Johnson and three co-defendants were indicted on

multiple counts alleging drug and firearms offenses, violations of the Mann Act,

and racketeering. Johnson was charged in Counts 1, 2, 6, 8, 10, 11, 12, 13, 14, and

15 as well as a forfeiture count based on Counts 1, 2, and 6. Indictment (Doc. 8).

Counts 1 and 2 alleged conspiracy to distribute and distribution of "50 grams

or more of a mixture or substance containing a detectable amount of

methamphetamine . . . and 100 grams of more of a mixture or substance containing

a detectable amount of heroin," a violation of 21 U.S.C. § 846. *Id.* at 3-4. Count 2

alleged possession of 50 grams or more of a substance containing

methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1). *Id.* at 4. If convicted on either count, Johnson would be subject to a minimum prison term of five years and a maximum of 40 years. 21 U.S.C. § 841(b)(1)(B)(i), (viii).

Count 6 alleged that Johnson brandished a firearm while possessing it in furtherance of the drug trafficking crimes charged in Counts 1 and 2. Indictment at 5. If convicted on Count 6, Johnson would be sentenced to a seven-year prison term, consecutive to any other sentence imposed. 18 U.S.C. § 924(c)(1)(A)(ii), (D)(ii).

Count 8 alleged Johnson was a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Indictment at 6. Conviction on that count would subject him to a maximum of ten years in prison, but if he were designated an armed career criminal, he would be sentenced to 15 years. 18 U.S.C. § 924(e).

Counts 10 through 14 alleged that Johnson transported in interstate commerce five persons, K., J., C., W., and S., with the intent that they would engage in prostitution in violation of state law. Indictment at 7-9. Conviction on any of those counts carried a maximum penalty of up to ten years in prison. 18 U.S.C. § 2421(a) ("Mann Act").

Count 15 alleged that Johnson traveled in interstate commerce with intent to promote unlawful prostitution, a violation of 18 U.S.C. § 1952(a). If convicted on

3

that count, Johnson could be sentenced to up to five years in prison.

Johnson was arrested in Spokane, Washington, and appeared in this Court on April 28, 2015. Minutes (Doc. 45); Warrant Return (Doc. 43). Andrew J. Nelson of the Federal Defenders of Montana was appointed as counsel, Order (Doc. 48), and Johnson was released pending trial, Order (Doc. 52). Nelson was permitted to withdraw due to a conflict, and CJA panel attorney Brian C. Smith was appointed in his stead. Order (Doc. 58).

On June 8, 2015, the parties filed a fully executed plea agreement. Johnson agreed to plead guilty to Counts 1 and 15 and to admit the forfeiture allegation, and the United States agreed to dismiss the remaining counts against Johnson. Plea Agreement (Doc. 71) at 2 ¶ 2 paras. 1-2, 9 ¶ 10. Johnson admitted the elements of Counts 1 and 15. He also specifically admitted that he possessed a firearm in furtherance of the drug trafficking crime described in Count 1. Plea Agreement at 3-4 ¶ 4. Johnson waived his rights to appeal the sentence and to file a motion under 28 U.S.C. § 2255, except as to claims of ineffective assistance of counsel. *Id.* at 8 ¶ 8(a) para. 1. The United States agreed to recommend a three-level reduction for acceptance of responsibility unless Johnson obstructed justice or acted in a manner inconsistent with acceptance of responsibility. *Id.* at 7 ¶ 6. Perhaps most importantly, Johnson acknowledged his guilty plea to Count 1 subjected him to an enhanced mandatory minimum penalty of ten years and a

maximum penalty of life, rather than five to 40 years, because he had previously

been convicted of a felony drug offense, *see* 21 U.S.C. § 841(b)(1)(B), but the

United States agreed to forego filing of the Information that would trigger the

enhanced sentence, *id.* § 851(a); Plea Agreement at 2-3 ¶ 2 para. 3.

Johnson pled guilty in open court on June 23, 2015. He agreed with the

contents of the United States' offer of proof. *See* Offer of Proof (Doc. 75) at 4-5.

On October 8, 2015, counsel filed a sentencing memorandum in Johnson's

support. Given the relatively brief duration of Johnson's role in the conspiracy—

about six months, as opposed to the nine-month duration of the conspiracy—

counsel argued that Johnson was responsible for 326.025 kilograms of marijuana,

rather than 729.76 kilograms. He also pointed out that one co-defendant was held

responsible for 652.02 kilograms and another for 887.76 kilograms. *See*

Sentencing Mem. (Doc. 122) at 2-6, 10, 12. Based on the lower drug quantity and

other factors, counsel requested a sentence of 77 months. *Id.* at 12-13.

At sentencing, however, the Court found Johnson responsible for 729.76

kilograms of marijuana. His base offense level of 28 on Count 1 was increased by

two levels to 30 because he possessed a firearm. Count 15 was assessed under

U.S.S.G. § 2G1.1(d). After grouping under U.S.S.G. § 3D1.4, Johnson's combined

adjusted offense level remained 30. He received a three-level reduction for

acceptance of responsibility, *see* U.S.S.G. § 3E1.1, for a total offense level 27.

With a criminal history category of V, the advisory guideline range was 120 to 150 months. *See* Presentence Report ¶¶ 96-140, 190, 257.

On November 13, 2015, Johnson was sentenced to serve 120 months in prison on Count 1 and 60 months on Count 15, concurrent, to be followed by a total five-year term of supervised release. Minutes (Doc. 128); Judgment (Doc. 129) at 2-3.

Johnson timely filed his motion under 28 U.S.C. § 2255 on December 16, 2015. He filed an amended motion, also timely, on March 1, 2016. 28 U.S.C. § 2255(f)(1); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012).

### III. Claims and Analysis

Most of Johnson's claims allege that he received ineffective assistance of counsel. Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Johnson must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### A. *Johnson v. United States*

Nothing in this case involved a "residual clause" or a "crime of violence." This case had nothing to do with *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). Johnson's claims regarding a "residual clause," *see* Mot. § 2255 (Doc. 144) at 4 ¶¶ 5A-B, are denied.

## B. Voluntariness of the Guilty Plea

Johnson contends his plea was involuntary because counsel did not explain that "he was going to be sentenced to a weapon enhancement." Mot. § 2255 at 5. When a defendant asserts that he pled guilty because counsel gave bad advice, he meets the prejudice prong of the *Strickland* analysis by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A "gross mischaracterization of the likely outcome" at sentencing, "combined with . . . erroneous advice on the possible effects of going to trial," may support a finding that a guilty plea was involuntary. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).

Here, the "weapon enhancement" was a two-level upward adjustment in the advisory guideline calculation. *See* Presentence Report ¶ 98; U.S.S.G.§ 2D1.1(b)(1). Before he entered into the plea agreement, Johnson could have been convicted of possessing a firearm in furtherance of a drug trafficking crime, and even of brandishing it. Indictment at 5 (Count 6); 18 U.S.C. § 924(c)(1)(A)(ii). Conviction on Count 6 alone would have resulted in a mandatory sentence of at

least five and possibly seven years *consecutive* to the sentence imposed on any other count of conviction. 18 U.S.C. § 924(c)(1)(D)(ii). But, under the plea agreement, the United States dismissed Count 6 of the Indictment. There was reason to believe the United States would be able to prove Count 6 by calling witnesses at trial, *see, e.g.*, Presentence Report ¶¶ 46, 52, including police witnesses who found a handgun in Johnson's car during a traffic stop and heard him admit in an interview that it belonged to him and he carried it to intimidate others engaged in drug transactions with him, *id.* ¶¶ 74, 75, 81.

Counsel's advice to accept the proposed agreement was not only reasonable but commendable. There is no reasonable probability that a reasonable person in Johnson's position would have rejected the plea agreement and gone to trial on 15 counts had he known he would receive a two-level upward adjustment in the guideline calculation for possession of a firearm he admitted carrying for protection in drug deals. Johnson's allegations, even assuming their truth, do not meet either prong of the *Strickland.* This claim is denied for lack of merit.

### C. Brandishing

Johnson objects to a statement in the presentence report indicating that Johnson "brandished a firearm and was waving it around during a drug transportation." Mot. § 2255 at 6. It is not clear where in the presentence report Johnson is said to have been "waving" a firearm. "[T]he term 'brandish' means . .

8

. to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." 18 U.S.C. § 924(c)(4). Johnson admitted to law enforcement officers that he carried the firearm during drug transactions and let other people know it was there. Whether he waved it around or not, there was evidence that he brandished it. Presentence Report ¶¶ 52, 75.

"[C]ounsel cannot have been ineffective for failing to raise a meritless objection." *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005). This claim is denied for lack of merit.

### D. Drug Quantity

Johnson asserts that counsel was ineffective because he failed to object to the quantity of drugs attributed to Johnson. Mot. § 2255 at 7.

In fact, counsel objected at length and in detail to the drug quantity attributed to Johnson, both in his sentencing memorandum and at sentencing. The arguments he made were the best available. He lost the issue not because of any deficiency on his part but because the facts of Johnson's conduct made the argument unsuccessful. Neither prong of the *Strickland* test is met. This claim is denied for lack of merit.

### E. 26 Grams

Johnson claims he would not have pled guilty if counsel had told him his co-

defendants would not be held responsible for the 26 grams of methamphetamine found in Johnson's vehicle at the traffic stop. Mot. § 2255 at 8. As explained at the sentencing hearing, Reeves and Willis were co-conspirators with Johnson, so it may well have been a mistake *not* to attribute the 26 grams of methamphetamine to them, even though neither was in the vehicle at the time. But it certainly was not a mistake to attribute that methamphetamine to Johnson. It is unreasonable for Johnson to claim he would have spurned the very favorable plea agreement if he had known his co-defendants would elude responsibility for the 26 grams found in his own vehicle. Neither prong of the *Strickland* test is met. This claim is denied for lack of merit.

### F. Criminal History

Johnson avers that counsel should have objected to one point being assessed for two convictions that should have received zero points. Mot. § 2255 at 9; Presentence Report ¶¶ 182, 185.

Johnson notes that the sentence actually imposed for each was less than 30 days—one day for one conviction and no jail time for the other. But this fact is insignificant. Both convictions were scored under U.S.S.G. § 4A1.1(c), which limits the total number of points for such offenses to four. Had both convictions received zero points, Johnson's criminal history score subtotal would have been 11 rather than 13, but that number would still have been reduced to 10. *See*

Presentence Report ¶ 188. Johnson would then have received two additional points because he was on supervision for a misdemeanor DUI offense when he committed the crimes of conviction, *id.* ¶ 189, leaving Johnson with the same total criminal history score of 12 and placement in criminal history category V, *id.* ¶ 190.

Johnson's allegations cannot meet the prejudice prong of the *Strickland* test. This claim is denied for lack of merit.

## G. Co-Defendants' Sentences

Johnson contends that counsel was ineffective because he did not "show the Court that the . . . codefendants were sentenced to much shorter sentences." Mot. § 2255 at 10. Again, counsel did discuss the sentences of Johnson's co-defendants, both in his sentencing memorandum and at the sentencing hearing. Reeves' sentence actually exceeded Johnson's by a month. The drug quantity attributed to Willis was slightly less than that attributed to Johnson, but the driving factor distinguishing them was that Willis had far less criminal history than Johnson. Coakley was less involved and had less criminal history than Johnson. The disparity among the co-defendants was not unwarranted. Neither prong of the *Strickland* test is met. This claim is denied for lack of merit.

## H. Lack of Opportunity to Cooperate

Finally, Johnson asserts that he offered to cooperate with law enforcement in an investigation but was not able to do so because the prosecutor would not agree

to allow him to participate in an undercover buy. Mot. § 2255 at 11-12. Johnson

acknowledges there is no "right to cooperate," *id.* at 12, but he complains that most

other defendants do so, whereas he was denied the opportunity.

But Johnson was not denied the opportunity to cooperate. He simply did not

have information in his possession that was valuable to law enforcement. A very

large proportion of defendants, particularly in drug cases, offer information. But,

at least in the District of Montana, most do not participate in undercover buys

while on pretrial supervision. This claim is denied for lack of merit.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255

Proceedings. A COA should issue as to those claims on which the petitioner

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).

Johnson's allegations, even assuming their truth, do not amount to a

showing of any substance that he was deprived of a constitutional right. While it is

12

possible a total of two criminal history points were assessed on convictions that should have received zero points, the total number of countable points would not have changed even if those convictions were omitted. Johnson suffered no prejudice from his criminal history calculation, and all of his other claims of ineffective assistance of counsel meet neither prong of the *Strickland* test. *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), had nothing to do with this case.

Reasonable jurists would find no basis for further proceedings. A COA is not warranted.

### V. Motion for Counsel and Evidentiary Hearing

A district court has the discretion to appoint counsel at any stage of the proceedings if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). A defendant is also entitled to counsel if an evidentiary hearing is necessary or if counsel is required to make effective use of discovery. *See* Rules 6(a), 8(c), Rules Governing § 2255 Proceedings.

For the same reasons the claims in Johnson's motion do not warrant a certificate of appealability, they also do not warrant appointment of counsel or an

evidentiary hearing. Except to the extent Johnson's allegations are contradicted by the record, the Court has assumed all of his allegations of fact are true. *See United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (citing *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982)). Yet they simply do not support any claim for relief.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the following transcripts are required to decide the issues presented by Johnson:

(a)     the change of plea hearing, held June 23, 2015; and

(b)     the sentencing hearing, held November 13, 2015.

2. The United States shall immediately order the transcripts of those hearings for the Court's file and deliver copies to Frederick Glen Johnson # 17809-085, FCI Sheridan, Federal Correctional Institution, P.O. Box 5000, Sheridan, OR 97378.

3. Johnson's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 132, 144) is DENIED.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Johnson files a Notice of Appeal.

5. Johnson's motion for the appointment of counsel (Doc. 147) is DENIED.

6. The Clerk of Court shall ensure that all pending motions in this case and

14

in CV 15-167-M-DLC are terminated and shall close the civil file by entering

judgment in favor of the United States and against Johnson.

DATED this __16th__ day of May, 2016.

Dana L. Christensen, Chief Judge
United States District Court